Filed 3/3/23  P. v. Shepheard CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F084787 |
| Plaintiff and Respondent, | (Super. Ct. No. CF02671870) |
| v. | |
| JOHN ANDREW SHEPHEARD III, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County.  Jonathan B. Conklin, Judge.

Martin Baker, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P. J., Poochigian, J. and DeSantos, J.

Defendant John Andrew Shepheard III contends he was denied his Sixth and Fourteenth Amendment rights under the United States Constitution when the trial court held a hearing and denied his petition to vacate and recall his sentence for murder without his participation. We have reviewed the issue raised by defendant, as well as procedural issues presented following the denial of defendant's petition in the trial court, and conclude no constitutional rights have been violated and the trial court's denial of defendant's petition is supported by the law. The order denying defendant's petition is affirmed.

## PROCEDURAL AND FACTUAL SUMMARY

In January 2003, a jury found defendant guilty of murder in the first degree (Pen. Code,[1] § 187, subd. (a)), and further found that when committing this murder, defendant "did personally and intentionally discharge a firearm which proximately caused great bodily injury or death" to the victim (§ 12022.53, subd. (d)). In May 2003, defendant received a sentence of 50 years to life for this conviction and the related enhancement.

On April 11, 2022, defendant filed a petition, in propria persona, citing section 1172.6[2] and asked the trial court to vacate and recall his sentence for murder due to changes in how murder is defined under the Penal Code. Defendant further sought the appointment of counsel to represent him in the trial court on this petition. On May 31, 2022, the court appointed counsel to represent appellant. On the date of the first hearing on June 21, 2022, the prosecution submitted its opposition to appellant's petition, with various exhibits attached. Because defendant was not in attendance, and defense counsel

---

[1]    All further statutory references are to the Penal Code.

[2]    Appellant filed his petition under former section 1170.95, which was renumbered as section 1172.6 without substantive change on June 30, 2022. (*People v. Saibu* (2022) 81 Cal.App.5th 709, 715; Stats. 2022, ch. 58, § 10, eff. June 30, 2022.) As such, we refer to this statute using its current number throughout this opinion.

2.

made an appearance through special counsel, a request was made for a continuance. That request was granted, and the hearing was then scheduled for July 12, 2022.

At the July 12, 2022, hearing, defendant was again not present.[3] Defense counsel acknowledged reviewing the papers submitted on behalf of the prosecution opposing defendant's petition, and expressed a desire to discuss the arguments made in those papers with defendant, stating he was close to a resolution. The trial court then announced a tentative ruling denying the petition, concluding defendant was the actual shooter and was not eligible for a recall of his sentence under section 1172.6. Defense counsel then stated:

> " Judge, upon thinking about it, under the circumstances, I don't have a problem if the court just wants to rule today. And I can advise [defendant] of the ruling. I don't think there's anything that I might come up with that [is] going to change the facts of the case. Whether I tell [defendant] the court's tentative or not, I don't think it's going to change anything. And rather than waste the court and counsel's time, let's just move forward."

The court then adopted it's tentative ruling as the final ruling.

On August 3, 2022, a letter from defendant was filed with the trial court. In the letter, defendant asks the court for an update on his petition as he has had "little to no contact with appointed counsel." Defendant thereafter filed a notice of appeal challenging the denial of his petition on August 8, 2022.

On September 12, 2022, this court appointed counsel to represent defendant in his appeal. On November 9, 2022, defendant's appellate counsel filed a brief requesting this court undertake an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. On the same day, a letter was sent to defendant informing him of the opportunity to submit a brief to the court raising any issues he wished to be considered.

---

[3] The minute order for July 12, 2022, indicates defendant's presence was waived by defense counsel pursuant to section 977. The reporter's transcript for that date does not reflect when or how that waiver was made.

On January 11, 2023, defendant submitted a brief, arguing he was denied his Sixth and Fourteenth Amendment rights to be personally present at the hearing held on July 12, 2022, and that trial counsel violated his rights under section 977 when he waived his appearance without consulting him first.

**DISCUSSION**

## I. Defendant Is Not Entitled to a *Wende* Review

Again, appellate counsel for defendant filed a *Wende* brief on defendant's behalf in November 2022. Approximately one month later, the Supreme Court issued its opinion in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) and held a *Wende* analysis is not applicable to a trial court's order denying a petition for postconviction relief under section 1172.6. (*Id*. at p. 222.) The *Delgadillo* court specifically stated that *Wende* reviews "do not apply to an appeal from the denial of postconviction relief, even if the defendant has a state-created right to the appointment of counsel for that appeal." (*Id*. at p. 226.) "This is because 'there is no constitutional right to the effective assistance of counsel' in state postconviction proceedings." (*Ibid*.)

The *Delgadillo* court held that instead of using the process outlined in *Wende* for a review, appointed counsel and the appellate court should do the following:

> "When appointed counsel finds no arguable issues to be pursued on appeal: (1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231–232.)

If a defendant files a supplemental brief or letter, the Court of Appeal must then evaluate the arguments presented in that brief and issue a written opinion. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) "The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Ibid*.) If no

4.

supplemental brief or letter is filed, the court may dismiss the appeal as abandoned. (*Ibid.*) Of course, a Court of Appeal has discretion, and "is not barred from conducting its own independent review of the record in any individual section 1172.6 appeal." (*Ibid.*)

As noted above, defendant was notified immediately of the opportunity to submit a supplemental brief after appellate counsel submitted his brief asking for a *Wende* review. In his brief, defendant raised only one issue for review—that he was unlawfully denied the opportunity to be present when his section 1172.6 petition was considered. While we consider that issue, we first briefly address the question of whether section 1172.6 was even available to defendant in this case.

## II. Defendant Was Not Eligible to Have His Sentence Recalled and Vacated Under Section 1172.6

On September 30, 2018, the Governor signed Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), amending the felony-murder rule and specifically rejecting the natural and probable consequences doctrine when considering a charge of murder. The Legislature's goal was "to ensure that murder liability [was] not imposed on a person who [was] not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f).) To make this happen, Senate Bill 1437 amended section 188 (defining malice) and section 189 (defining degrees of murder), to address felony-murder liability. It also added section 1172.6, which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law could impact their previously sustained convictions. (Stats. 2018, ch. 1015, §§ 2–4.)

Section 1172.6 now permits only those who were "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts …." (Stats. 2018, ch. 1015, § 4(a).) A

5.

subsequent amendment to section 1172.6 in Senate Bill No. 775 (2021–2022 Reg. Sess.), outlined the petition process for those previously convicted of murder or attempted murder under the natural and probable consequences doctrine to petition for relief. (Stats. 2021, ch. 551, § 2.)  This process requires a petitioner to meet three conditions, the first of which is that an "information, or indictment was filed against the petitioner [allowing] the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime …."  (§ 1172.6, subd. (a)(1).)

A section 1172.6 petition process was not available to defendant because he was found by the jury to have committed the murder by "personally and intentionally [discharging] a firearm which proximately caused great bodily injury or death" to the victim.  This made defendant the actual killer rather than one who participated in a crime that led to a murder under a felony-murder theory or the natural and probable consequences doctrine.

A court may appropriately deny a section 1172.6 petition if the petitioner is ineligible for the relief as a matter of law.  (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)  The trial court did not commit error when denying defendant's petition.

## III.    Any Error Committed in the Trial Court Was Harmless

In his brief, defendant contends he was denied his Sixth and Fourteenth Amendment rights to be personally present at the hearing held on July 12, 2022, and that trial counsel violated his rights under section 977 to be present at a court proceeding when he waived his appearance without consulting him first.  As explained below, the federal rights to confront witnesses and to due process are not implicated here.

" ' "Under the Sixth Amendment's confrontation clause, a criminal defendant does not have a right to be personally present at a particular proceeding unless his appearance is necessary to prevent 'interference with [his] opportunity for effective

6.

cross-examination.' " [Citation.] [¶] "Similarly, under the Fourteenth Amendment's due process clause, a criminal defendant does not have a right to be personally present at a particular proceeding unless he finds himself at a 'stage … that is critical to [the] outcome' and 'his presence would contribute to the fairness of the procedure.' " ' " (*People v. Powell* (2018) 6 Cal.5th 136, 147, citing *People v. Cole* (2004) 33 Cal.4th 1158, 1231.)  The improper exclusion of a defendant is not structural error considered reversible per se, but instead is reversible only if the defendant can prove prejudice. (*Powell*, at pp. 147–148.)

A violation of a defendant's state right to be present at a court proceeding under section 977 is reviewed using a reasonable probability standard and "is reversible only if it is reasonably probable the result would have been more favorable to the defendant absent the error." (*People v. Whitmore* (2022) 80 Cal.App.5th 116, 127.)  There is no indication in the record that defendant's presence at the hearing on his section 1172.6 petition would have altered the outcome.  In fact, other than arguing he was prejudiced, defendant has provided no concrete evidence how his presence at the hearing would have changed the outcome.  Defendant was not entitled to the relief provided in section 1172.6 as a matter of law.  Therefore, even if we applied the more stringent federal test found in *Chapman v. California* (1967) 386 U.S. 18, any error here was harmless beyond a reasonable doubt.

## DISPOSITION

The order denying defendant's section 1172.6 petition is affirmed.